IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| AMERICAN MEDICAL RESPONSE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF MCALLEN, TEXAS <br><br> Defendant. | |

**PLAINTIFF AMERICAN MEDICAL RESPONSE, INC.'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Plaintiff American Medical Response, Inc. files its Original Complaint against Defendant City of McAllen, Texas. In support thereof, Plaintiff American Medical Response, Inc. would respectfully show this Honorable Court as follows:

**PARTIES**

1. Plaintiff American Medical Response, Inc. ("AMR") is a Delaware corporation with its principal place of business located at 6363 S. Fiddlers Green Circle, Suite 1400, Greenwood Village, Colorado 80111.

2. Defendant City of McAllen, Texas ("Defendant") is a home-rule municipality located in Hidalgo County, Texas. Defendant's address is P.O. Box 220, 1300 Houston Ave., McAllen, Texas 78505. Pursuant to Texas Civil Practice & Remedies Code § 17.024(b), Defendant may be served through its mayor, Javier Villalobos, at 1300 Houston Ave., City Hall - 2nd Floor, McAllen, Texas 78501, or wherever he may be found.

2

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because all parties are citizens of different states and the value of the damages at issue exceeds $75,000.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is a home-rule municipality located within this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims raised in this lawsuit occurred in this District. Finally, venue is also proper in this District pursuant to the governing forum selection clause in the contractual agreement between AMR and Defendant.

5. Moreover, for all of these reasons, this Court has personal jurisdiction over Defendant.

## FACTUAL ALLEGATIONS

6. AMR is a healthcare company that provides and manages community-based medical services, emergent and non-emergent medical transport services, and disaster response services.

7. On or about May 7, 2021, AMR and Defendant entered into the subject Project No. 05-21-S35-01 Service Contract for Deployable Coronavirus Disease 2019 (COVID-19) Diagnostic Testing (the "Agreement"). Under the Agreement, AMR agreed to provide services to protect U.S. citizens and U.S.-bound persons from the spread of communicable diseases by mitigating the spread of COVID-19 through diagnostic testing centers. As part of this contractual commitment, AMR agreed to operate and manage COVID-19 diagnostic testing centers located in and around McAllen, Texas.

4888-7157-7419

8. Under the Agreement's "Payment" section, Defendant contractually agreed to "execute payment by mail" to AMR for "labor and other direct costs" after such services were provided and invoiced by AMR.

9. On or about May 8, 2021, AMR and Defendant initiated performance under the Agreement.

10. Between May 8, 2021 and May 31, 2022, AMR and Defendant performed under the Agreement without issue. AMR provided various services aimed at protecting U.S. citizens and U.S.-bound persons from the spread of communicable diseases, including COVID-19. After AMR provided such services and invoiced Defendant, Defendant submitted payment to AMR for such services, as contemplated by the Agreement.

11. However, in June 2022, Defendant stopped paying AMR for the services performed by AMR. Due to Defendant's non-payment and resulting breach of the Agreement, AMR terminated the Agreement, effective January 9, 2023, as permitted by the Agreement.

12. Between June 1, 2022 and January 8, 2023, AMR, in all material respects, properly performed under the Agreement. During this period, AMR provided services to and for the benefit of Defendant in order to protect U.S. citizens and U.S.-bound persons from the spread of communicable diseases, including COVID-19. Pursuant to the Agreement's pricing terms, those services are valued at a minimum of $5,819,784.15. Following each monthly period beginning in June 2022, AMR properly invoiced Defendant for the services and direct costs provided and rendered during the respective month. To date, Defendant has failed to pay AMR the outstanding amount of $5,819,784.15 owed to AMR for services and other direct costs provided or rendered under the Agreement between June 1, 2022 and January 9, 2023.

13. Defendant's failure to pay the $5,819,784.15 owed for AMR's services and other direct costs provided or rendered under the Agreement is a clear breach of the Agreement.

## COUNT ONE
## BREACH OF CONTRACT

14. AMR re-alleges and incorporates the allegations stated in Paragraphs 1-13 by reference as if fully restated herein.

15. AMR and Defendant, for valuable consideration, entered into a valid and enforceable contract, the Agreement, on or about May 7, 2021 for performance of services by AMR in return for monetary payments by Defendant.

16. Pursuant to the Agreement, Defendant is contractually obligated to submit payment to AMR for AMR's services provided under the Agreement once such services have been provided and invoiced.

17. In breach of the express terms of the Agreement, Defendant has failed to submit payment to AMR for the services and other direct costs provided or rendered by AMR to and/or for the benefit of Defendant under the Agreement between June 1, 2022 and January 9, 2023.

18. Defendant's breach of the Agreement has damaged AMR in an amount exceeding $75,000.

## COUNT TWO
## QUANTUM MERUIT

19. AMR re-alleges and incorporates the allegations stated in Paragraphs 1-18 by reference as if fully restated herein.

20. AMR provided valuable services and/or materials to and for the benefit of Defendant.

21. At all relevant times, Defendant accepted the services and/or materials provided by AMR.

22. At all relevant times, Defendant had reasonable notice that AMR expected compensation for the services and/or materials provided to and for the benefit of Defendant.

23. The reasonable value of AMR's services and/or materials provided to and for the benefit of Defendant exceeds $75,000.

## CONDITIONS PRECEDENT

24. All conditions precedent to AMR's right to recover under the Agreement have been satisfied, met, or otherwise fulfilled.

## JURY DEMAND

25. AMR respectfully requests a trial by jury on all claims so triable.

## RELIEF REQUESTED

26. AMR respectfully requests that judgment be entered in its favor and against Defendant on all counts, awarding AMR damages and relief as set forth below:

   a. All recoverable money damages permitted by law, including but not limited to, actual, compensatory, and statutory damages, in an amount to be determined by the Court and the jury; and

   b. Pre-judgment and post-judgment interest.

27. Finally, AMR respectfully requests such other and further relief, general or special, in law or in equity, as the Court may deem just and proper.

Respectfully submitted,

**FOLEY & LARDNER LLP**

By: */s/ Scott D. Ellis*
 Scott D. Ellis
 State Bar No. 24044606
 sellis@foley.com
 Shane McDonald
 Texas Bar No. 24092797
 smcdonald@foley.com
 1000 Louisiana Street, Suite 2000
 Houston, Texas 77002-2099
 Telephone: (713) 276-5500
 Facsimile: (713) 276-5555

**ATTORNEYS FOR PLAINTIFF
AMERICAN MEDICAL RESPONSE, INC.**

4888-7157-7419